# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4895 | **DATE** | 2/18/2003 |
| **CASE TITLE** | Terry Jenkins vs. Menards Hall Plaza | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: there is no genuine issue of material fact on the Title VII claim plaintiff asserts against defendant. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | FEB 18 2003 | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 24 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | CLERK | | |
| | | 03 FEB 18 PM 3:11 | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
FEB 1 9 2003

TERRY JENKINS, )
)
     Plaintiff, )
)
v. ) No. 01 C 4985
) Paul E. Plunkett, Senior Judge
MENARDS HALL PLAZA, )
)
     Defendant. )

## MEMORANDUM OPINION AND ORDER

Terry Jenkins has sued Menards Hall Plaza for its alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. The case is before the Court on defendant's Federal Rule of Civil Procedure ("Rule") 56(c) motion for summary judgment. For the reasons set forth below, the motion is granted.

### Facts[1]

Plaintiff was hired by defendant as a part-time cashier on May 4, 1998. (Def.'s LR 56.1(a)(3) Stmt. ¶ 2.) When she was hired, plaintiff signed a form acknowledging receipt of the "Grow with Menards Associate Information Booklet." (Id. ¶ 4.) Among other things, the booklet says that acts of insubordination may lead to a suspension. (Id.)

During her employment, plaintiff was supervised by Lisa Serrano, the head cashier, Rhonda Root, the assistant office manager, and Dorian Broadwater, the office manager. (Id. ¶ 5.)

---

[1]Plaintiff did not file a response to defendant's LR 56.1(a)(3) statement. She is, therefore, deemed to have admitted all of the facts asserted in it. See Local Rule 56.1(b).

On June 28, 1998, when plaintiff was using a cashier adding machine, her co-worker Natalie O'Malley told plaintiff to "hurry up." (Id. ¶ 9.) Plaintiff refused, at which point, she says, Serrano told plaintiff to shut up. (Id. ¶¶ 10-11.) Plaintiff responded by telling Serrano to shut up. (Id. ¶ 12.)

Root, overheard plaintiff's comment to Serrano, but did not hear Serrano's alleged comment to plaintiff. (Id. ¶¶ 13-14.) Root immediately called plaintiff into the office, told her such conduct towards her supervisor was inappropriate and suspended her for three days without pay. (Id. ¶¶ 15, 17.) Plaintiff claims that her suspension was motivated by her race rather than her conduct.

## The Legal Standard

To prevail on a summary judgment motion, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [must] show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At this stage, we do not weigh evidence or determine the truth of the matters asserted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. Id.

## Discussion

Plaintiff does not have any direct evidence of discrimination. (See Pl.'s Resp. Def.'s Mot. Summ. J. at 7-9.) Thus, she must comply with the indirect, burden-shifting method of proof articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), if she is to defeat this

-2-

motion. To do so, she must first establish a prima facie case of discrimination. Von Zuckerstein v. Argonne Nat'l Lab., 984 F.2d 1467, 1472 (7th Cir.1993). Once established, the prima facie case creates a rebuttable presumption of discrimination. Id. The burden of production then shifts to defendant to articulate a legitimate, nondiscriminatory reason for the suspension. Id. If it does so, the presumption of discrimination disappears and plaintiff must show that the proffered reason for the suspension is merely a pretext. Id.

To establish a prima facie case on her race discrimination claim, plaintiff must show that she: (1) is a member of a protected class; (2) she was meeting defendant's legitimate expectations; (3) she suffered an adverse employment action; and (4) defendant treated similarly situated employees outside the protected class more favorably. Foster v. Arthur Andersen, LLP., 168 F.3d 1029, 1035 (7th Cir. 1999). There is no dispute that plaintiff is African American and was suspended without pay for three days. Thus, the first and third elements are met.

There is, however, no evidence to support the second element. Plaintiff admits that she was insubordinate to one of her supervisors, though she knew such conduct was prohibited. (See Def.'s LR 56.1(a)(3) Stmt. ¶¶ 4, 5, 12.) Thus, she was not meeting defendant's legitimate expectations at the time she was suspended.

There is also no evidence that defendant treated a similarly situated non-black cashier more favorably than plaintiff, the fourth element of the prima facie case. Plaintiff compares her treatment to that given to Lisa Serrano and Natalie O'Malley. Neither of those women, however, is situated similarly to plaintiff. To be similarly situated, two employees must be "directly comparable . . . in all material respects." Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002). Serrano is not comparable to plaintiff because: (1) she was plaintiff's supervisor not her peer (Def.'s

LR 56.1(a)(3) ¶¶ 2, 5); there is no evidence that Serrano was insubordinate to any of her supervisors; and (3) unlike plaintiff, Serrano had no history of conflicts with her coworkers (id. ¶¶ 6, 20). O'Malley is also not comparable to plaintiff, though she was also a cashier, because there is no evidence that she was insubordinate to any of her supervisors or that she had any difficulty getting along with her coworkers. Because plaintiff has offered no evidence to suggest that defendant treated a similarly situated, non-black cashier who was insubordinate to her supervisor more favorably than plaintiff, she has not satisfied the fourth element of her prima facie case.

Having failed to make a prima facie case of race discrimination, plaintiff's Title VII claim must be dismissed. Defendant's motion for summary judgment is, therefore, granted.

## Conclusion

For the reasons set forth above, there is no genuine issue of material fact on the Title VII claim plaintiff asserts against defendant. Defendant's motion for summary judgment is, therefore, granted. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 2-18-03